FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT - 5 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES FIDELITY &<br>GUARANTY COMPANY,<br>a Maryland corporation,<br><br>          Plaintiff,<br><br>    vs.<br><br>MISSION SPRINGS, INC., a<br>Washington corporation, et al.,<br><br>          Defendants. | No. CV-05-0165-AAM<br><br>**ORDER DENYING<br>MOTION DISMISS<br>OR STAY** |
| GENESIS INSURANCE COMPANY,<br>a Connecticut corporation,<br><br>          Plaintiff,<br><br>    vs.<br><br>MISSION SPRINGS, INC., a<br>Washington corporation, et al.,<br><br>          Defendants. | No. CV-05-0168-AAM<br><br>**ORDER DENYING<br>MOTION TO DISMISS<br>OR STAY** |
| FEATURE REALTY, INC.,<br>a Nevada corporation,<br><br>          Plaintiff,<br><br>    vs.<br><br>GENESIS INSURANCE COMPANY,<br>et al.,<br><br>          Defendants. | No. CV-05-0222-AAM<br><br>**ORDER DENYING<br>MOTION TO DISMISS<br>OR STAY** |

**ORDER DENYING TO
MOTION TO DISMISS OR STAY-**    1

**BEFORE THE COURT** is the "renewed" motions of Feature Realty (Feature) and Mission Springs, Inc. (Mission Springs), defendants in 05-165-AAM and 05-168-AAM, to dismiss or stay those declaratory judgment actions brought respectively by United States Fidelity & Guaranty Company (USF&G) and Genesis Insurance Company (Genesis). (Ct. Rec. 63 in 05-165-AAM; Ct. Rec. 42 in 05-168-AAM). The City of Spokane, also named as a defendant in 05-165-AAM and 05-168-AAM, joins in the motion.

The court has determined to hear these motions without oral argument pursuant to LR 7.1(h)(3), in part because of their relatedness to Feature's Motion To Remand (Ct. Rec. 9 in 05-222-AAM) which this court previously determined it would hear without oral argument.

## I. BACKGROUND

By previous order of the court, 05-165-AAM, 05-168-AAM and 05-222-AAM were consolidated with one another. In 05-222-AAM, Feature is the plaintiff in an action against USF&G and Genesis as defendants, seeking damages for alleged breach of insurance contracts, bad faith handling of insurance claims, and for violations of Washington's Consumer Protection Act. Simultaneous with the entry of this order, the court is entering an order denying Feature's motion to remand 05-222-AAM to Spokane County Superior from whence it was removed by USF&G and Genesis on the basis of diversity jurisdiction. While that decision does not render moot the motion to stay or dismiss, it is relevant to the court's determination of whether a dismissal or stay is appropriate.[1]

Previously, this court issued an order staying determination of a previously filed motion to dismiss or stay filed by Feature and Mission Springs. (Ct. Rec.    ). That motion sought a dismissal or stay of 05-165-AAM and 05-168-AAM due to the existence, at that time, of a "parallel" Spokane County Superior Court proceeding (consolidated cases 95-2-03773-3 and 03–2-00670-4). Subsequent to the filing of that motion, the Spokane County Superior Court proceeding was removed

---

[1] The "Order Denying Motion To Remand" recites the background of these cases in considerably more detail.

**ORDER DENYING TO
MOTION TO DISMISS OR STAY-    2**

to this court by USF&G and Genesis, and assigned case number 05-222-AAM. Since the "parallel" state court proceeding no longer existed, this court thought abstention would no longer be an issue, unless 05-222-AAM was remanded. Of course, 05-222-AAM will not be remanded. Again, however, that in itself does not preclude dismissal or a stay of 05-165-AAM and 05-168-AAM, as discussed below.

The court does not view the "renewed" motion to dismiss or stay as a motion for reconsideration subject to the reconsideration time limits. Rather, it is a new motion which seeks dismissal or stay of 05-165-AAM and 05-168-AAM, notwithstanding the fact 05-222-AAM will not be remanded to Spokane County Superior Court. This is an issue which has not yet been considered by the court.[2]

## II. DISCUSSION

Under the Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a declaratory action even through subject matter jurisdiction is otherwise proper (as it is here because there is diversity jurisdiction in both 05-165-AAM and 05-168-AAM). 28 U.S.C. §2201(a). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137 (1995). The court's discretion, however, is not unfettered. "A district court cannot decline to entertain such an action as a matter of whim or personal disinclination." *Public Affairs Associates v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580 (1962).

Factors a district court should consider include avoiding needless determination of state law issues, discouraging the filing of declaratory actions as a means of forum shopping, and avoidance of duplicative litigation. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173 (1942). The absence of a "parallel" state proceeding does not compel a district court to grant

---

[2] Accordingly, the previously filed motions to dismiss or stay (Ct. Rec. 5 in 05-165-AAM and Ct. Rec. 9 in 05-168-AAM) are **DISMISSED** as moot.

ORDER DENYING TO
MOTION TO DISMISS OR STAY-    3

declaratory relief. It can still decline to exercise jurisdiction to grant declaratory relief. "[T]he existence or nonexistence of a state court action is simply one consideration relevant to whether to grant declaratory relief." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998). See also *Huth v. The Hartford Insurance Company of the Midwest*, 298 F.3d 800, 802-03 (9th Cir. 2002).

There is also, however, "no presumption in favor of abstention in declaratory actions generally, nor in insurance cases specifically." *Government Employees Insurance Company v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Indeed, says the Ninth Circuit:

> [W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief. [Citation omitted]. If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation.

*Id.*

In *Snodgrass v. Provident Life and Accident Insurance Company*, 147 F.3d 1163, 1167 (9th Cir. 1998), the circuit observed that "[m]ost cases in this field involve actions that are purely or primarily declaratory in nature: typically, claims in which an insurance company seeks a declaration that it has no duty to defend a third party in an underlying dispute." *Snodgrass* was different because in essence, it was a suit for damages with the plaintiff claiming the insurance company was directly liable to him under a contractual obligation, and the insurance company claiming that the insurance policy was void. In state court, the plaintiff filed suit against the insurance company claiming breach of contract, violations of Washington State insurance and consumer laws, negligence and intentional infliction of emotional distress. The insurance company answered and counterclaimed alleging the policy was void and sought recovery of the benefits it had previously paid to plaintiff. The insurance company then removed the case to federal court on the basis of diversity jurisdiction. The plaintiff did not challenge the removal.

The circuit observed that claims that exist independent of the request for a declaration are not subject to the Declaratory Judgment Act's discretionary jurisdictional rule. *Id*, citing *Maryland*

**ORDER DENYING TO**
**MOTION TO DISMISS OR STAY-    4**

*Cas. Co. v. Knight*, 96 F.3d 1284, 1289 & n. 6 (9th Cir. 1996). Instead, they invoke the "'virtually unflagging'" obligation of the district court to hear jurisdictionally sufficient claims. *Id.*, citing *First State Ins. Co. v. Callan Assocs., Inc.*, 113 F.3d 161, 163 (9th Cir. 1997). The circuit noted that on several occasions it had affirmed district court decisions to exercise jurisdiction under the Declaratory Judgment Act where the dismissal of claims for declaratory relief "would not have saved the district court from having to adjudicate the controversy and deal with state law issues." *Id.*, quoting *St. Paul Fire & Marine Ins. Co. v. F.H.*, 117 F.3d 435, 438 (9th Cir. 1997). According to the circuit, "[t]he appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *Id.* at 1167-68.

In *Snodgrass*, the majority of the claims fit that description and more specifically, the plaintiff's claims for monetary relief alleging breach of contract, violation of Washington State insurance and consumer laws, negligence and intentional infliction of emotional distress independently satisfied the requirements for exercise of the district court's diversity jurisdiction. Therefore, the court appeals found the district court had erred in concluding the dispute was purely, or even primarily, a declaratory action that would be subject to the discretionary jurisdictional provisions of the Declaratory Judgment Act. The district court abused its discretion in remanding the case to state court and the circuit reversed and remanded with instructions that the district court retain jurisdiction of the case. *Id.* at 1168.

It is difficult to distinguish *Snodgrass* from the case at bar. Here, Feature and Mission Springs, like the plaintiff in *Snodgrass*, seek monetary relief from USF&G and Genesis for alleged breach of contract and violation of Washington State insurance and consumer laws. They also seek monetary relief for bad faith. These claims independently satisfy the requirements for this court's exercise of diversity jurisdiction and they will continue to be heard in this court even if the declaratory judgment actions of USF&G and Genesis were dismissed.

Furthermore, Feature and Mission Springs acknowledge there is no dispute that the declaratory judgment actions and 05-222-AAM are "completely parallel" such that if 05-222-AAM

**ORDER DENYING TO
MOTION TO DISMISS OR STAY-**     5

were heard alone it would "resolve all the claims and disputes between the parties to the insurers' . . . declaratory judgment actions." The declaratory judgment actions and 05-222-AAM involve the same issues. For Feature and Mission Springs to recover the monetary relief they seek, they must establish that USF&G and Genesis are obligated to pay the City of Spokane pursuant to the insurance policies issued by USF&G and Genesis (and to which the City of Spokane has assigned its rights to Feature and Mission Springs). Feature and Mission Springs did not object to consolidation of 05-222-AAM with 05-165-AAM and 05-168-AAM because of the common issues of fact and/or law in the three cases. It is not apparent how Feature and Mission Springs (and the City of Spokane) are prejudiced by simultaneous hearing and resolution of all three matters. This consolidation clearly "avoids duplicative litigation" and achieves judicial economy.

The declaratory judgment actions were filed on June 1 and 2 respectively, prior to Feature's filing of the Fourth Amended Complaint against USF&G and Genesis in Spokane County Superior Court on June 15, 2005. It is true that before filing their declaratory judgment actions, USF&G and Genesis knew Feature would be asking the Spokane County Superior Court for leave to file the Fourth Amended Complaint because they were served with the motion seeking such leave. Feature and Mission Springs contend this constitutes forum shopping in contravention of the Declaratory Judgment Act. The fact of the matter, however, is that even if the declaratory judgment actions had not been filed, 05-222-AAM would still have been removable to this court and indeed, has been so properly removed by USF&G and Genesis. (See "Order Denying Motion To Remand"). USF&G and Genesis have not engaged in forum shopping. Indeed, if there was any forum shopping in this case, it was Feature's effort to remain in Spokane County Superior Court by filing a Fourth Amended Complaint in 03-200670-4, instead of a new action against USF&G and Genesis.

Finally, in diversity cases, federal district courts routinely determine issues of the applicable substantive state law. There is no indication here that the dispute between these parties involves some kind of novel state law issue which would warrant deferral to the state courts.[3]

---

[3] And if a novel issue should arise, certification of the question to the Washington Supreme Court will be an option.

**ORDER DENYING TO
MOTION TO DISMISS OR STAY-        6**

Case 2:05-cv-00165-WFN   Document 75   Filed 10/05/05

## III. CONCLUSION

Having considered all of the factors relevant to a determination of whether to exercise jurisdiction over the declaratory judgment actions (05-165-AAM and 05-168-AAM), this court finds those factors weigh in favor of exercising such jurisdiction. Accordingly, the "renewed" motions to dismiss or stay those actions (Ct. Rec. 63 in 05-165-AAM; Ct. Rec. 42 in 05-168-AAM) are **DENIED**.[4]

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel of record in 05-165-AAM, 05-168-AAM and 05-222-AAM. Furthermore, the District Executive shall set these consolidated matters for a scheduling conference as soon as possible.

**DATED** this _____ of October, 2005.

_____
ALAN A. McDONALD
Senior United States District Judge

---

[4] The record indicates that USF&G has attempted to take an appeal of the Spokane County Superior Court's decisions at the June 10, 2005 hearing, including denial of USF&G's motion to intervene in consolidated 03-200670-4. A hearing was set before the Division III Washington Court of Appeals on August 30, 2005 to consider whether USF&G was in fact entitled to take an appeal. (Ex. A to Cordell Declaration, Ct. Rec. 66 in 05-165-AAM). There is no indication that a determination has since been made by the court of appeals.

It appears USF&G's appeal was taken prior to removal of that case to this court (05-222-AAM). Feature has not argued this constitutes a waiver of removal, nor would the court consider it as such. USF&G had thirty days from July 20 to remove the case. That thirty days expired on August 19, with no determination at that time by the court of appeals whether USF&G was even entitled to take an appeal. Having not been allowed to formally intervene in consolidated 03-200670-4, and with the possibility of not even being allowed to appeal the denial of intervention and anything else, USF&G did not waive any right to removal by simply trying to appeal. Besides that, Genesis, which joined in the removal, appears to have not pursued any appeal.

Feature is convinced that USF&G is not entitled to take an appeal and that may be so. If, however, the court of appeals says USF&G is entitled to take an appeal and should USF&G prevail on appeal, this court must ask what, if anything, that would portend for this consolidated federal litigation. Should that scenario arise, reconsideration of the abstention issue, at least with regard to USF&G's declaratory judgment action, may be warranted.

**ORDER DENYING TO**
**MOTION TO DISMISS OR STAY-      7**